Sadie ROSEN

v.

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK.**

**Civ. A. 23381.**

United States District Court
E. D. Pennsylvania.
April 24, 1958.

Abe J. Goldin, of Goldin & Goldin, Philadelphia, Pa., for plaintiff.

J. Welles Henderson, of Rawle & Henderson, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

■ This is an action upon an airline trip insurance policy, and presently before the Court is a motion to dismiss the complaint for failure to state a cause of action. The facts stated in the complaint, together with the permissible inferences from them supporting the plaintiff's case, must be accepted as true. The case is as follows:

The plaintiff's husband, Joseph Rosen, was killed when the airplane in which he was riding crashed at a spot between Buenaventura and Cali, Colombia. He had left Philadelphia two or three weeks earlier on a business trip to several cities in South America. He was provided with a round trip ticket issued to him by Pan American World Airways covering the following route: Guayaquil-Santiago-Lima-Cali-Panama-New York. Also before leaving he had obtained the defendant's airline trip insurance policy, naming the plaintiff as beneficiary. He desired to visit Buenaventura but found that Pan American had no flights to that city, and although it had written to him that it was making inquiries as to air service between Cali and Buenaventura, no arrangements covering transportation for that part of his trip had been made when he left Philadelphia. On reaching Cali on the return leg of his journey, he bought a ticket to Buenaventura and return on ARPA, a scheduled South American airline, and was a passenger on the way back to Cali when he was killed.

The defendant refused to pay on the ground that the accident was not within the coverage of the policy, and the plaintiff brought this suit.

The policy contains two clauses [1] which define the coverage, (1) the insuring

[1] "1. Insuring Clause: Ticket or Pass Requirement. The Company will pay the benefits specified below if during the term of this policy the insured suffers loss resulting directly and independently of all other causes from accidental bodily injury (hereinafter referred to as "such injury"), sustained under circumstances specified below during the first one-way or round airline trip taken by the insured after the purchase of this policy on Aircraft Operated by a Scheduled Air Carrier as defined below from the Point of Departure to the Destination, both shown above, and return if round trip ticket is obtained before departure, provided that at the time that the Insured sustains such injury he is traveling on a transportation ticket or pass covering the whole of said airline trip, issued to him for transportation on an aircraft operated by a scheduled air carrier."

"2. Substitute Trip Covered If Ticket Exchanged. In case of a change in the itinerary of said first airline trip referred to in Section 1 above, following the issuance of this policy, the insurance afforded as set forth in Section 1 above shall no longer apply on the original itinerary but shall apply on the new itinerary in the same manner and to the same extent as it would have applied on the original itinerary, provided that (1) the transportation ticket or pass issued to the Insured for said first airline trip has been exchanged for another ticket or

clause and (2) a clause providing for a "substitute trip".

If the insuring clause stood alone, the complaint would have to be dismissed for the reason that, by its terms, the loss, in order to be covered, must occur while the insured is traveling on a ticket "covering the whole of said airline trip" (referring to the "first one-way or round airline trip taken by the Insured after the purchase of this policy"), and although it could be argued that the insured was killed "during" such trip, the ARPA ticket on which he was traveling did not cover the whole of it.

■ However, it is plain that the second of the two clauses referred to—the one which sets forth the conditions under which the policy will cover the insured "In case of a change in the itinerary of said first airline trip"—supersedes the requirement of the insuring clause for a ticket covering the whole trip. If it were necessary for an insured to have a ticket covering the whole of his substituted trip before he left, then, of course, it would not be a substituted trip at all but would be the "first airline trip" taken by him after the purchase of the policy and would be governed by the insuring clause —making the substitute trip clause useless. In other words, Clause 2 could only have been meant to cover the insured on an itinerary changed by him after he left on his previously planned journey even though when injured he was traveling on a ticket which did not cover the whole of the "first airline trip". The right to make such a change is, of course, subject to certain restrictions which will be considered.

Clause 2 is applicable to the accident which is the subject of this suit, because there was a "change in the itinerary" from that of Mr. Rosen's first airline trip after the purchase of the policy. "Itinerary" may mean the places actually visited in the course of a journey as well as a schedule of the places proposed to be visited. Mr. Rosen changed part of his itinerary from Santiago-Lima-Cali-Panama to Santiago-Lima-Cali-Buenaventura-Cali-Panama. This was the "new itinerary" referred to in Clause 2. The stop-over at Cali is of no more importance than if the plane, on its way from Buenaventura to Panama, had flown over Cali.

Thus, by virtue of Clause 2, the insurance no longer applied on the old itinerary but would apply on the new, and the only question is whether the conditions so restrict its coverage that the plaintiff cannot recover in the present case. Those conditions are (1) that the old ticket had been exchanged for a new one, (2) that the point of departure was the same in the new as in the old, and (3) that a part of the trip covered by the substituted ticket was the same as that covered by the first ticket.

■ There is no trouble about (2) and (3). As to (1), Fidelity & Casualty Co. of New York v. Smith, 10 Cir., 189 F.2d 315, 25 A.L.R.2d 1025, holds, in effect, that the actual turning in of one ticket in exchange for a new one "could not affect the liability of the insurance company" and is immaterial. Therefore, under that decision if Mr. Rosen, at Santiago, had found that he could take in Buenaventura on another airline without returning to Cali and had purchased a ticket Santiago-Cali-Buenaventura-Panama-New York, he would have been covered at any point either before or after Cali, with one possible difference. The Court in the Smith case, supra, noted that, inasmuch as airlines did not honor unused tickets issued by another line and inasmuch as the original carrier did not go to Dallas, it would have been impossible for Smith to have "exchanged" his ticket as required by the policy. If it should appear from the proof that there was no way of getting to Buenaventura and thence to Panama by any exchange

---

pass issued for transportation on an aircraft operated by a scheduled air carrier on the substituted trip, and (2) the Point of Departure is the same as that shown above, and (3) some portion of the trip covered by the substituted ticket is the same as that covered by the ticket or pass for the first airline trip referred to in Section 1 above."

of tickets, the situation in the hypothetical case stated above would be identical with that of the Smith case. This is a matter of proof, it is within the scope of the complaint, and it cannot be assumed that the plaintiff would not be able to prove it.

Now, does it affect the scope of the coverage that instead of being able to go from Buenaventura to Panama and so on to New York he had to return to Cali and go on from there to Panama? Certainly it did not affect the insurance company's risk to any appreciable degree [2] and without doubt the policy would have been extended to cover such a trip for the same premium. The insured was riding on a scheduled air carrier on a substituted trip. The point of departure was the same as his originally planned itinerary. The portion of the trip from Philadelphia to Santiago and back to Cali is the same as that covered by the original ticket. If an exchange of tickets was not an absolute condition, then he was traveling on a portion of his trip "covered by the substituted ticket". I can see nothing in the way of a recovery except the requirement that there be an exchange of tickets and, as has been seen, I think the Smith decision furnishes ample ground for holding that this requirement is not effective to avoid liability on the policy.

The well established rule that insurance policies are to be construed strictly against the insurer is applicable in the highest degree to a policy of this kind. The insured ordinarily pays his premium and makes the contract before he has seen the policy and in almost every case he starts on his trip before he has had time to read it. In fact, provision is usually made for him to mail the policy to the beneficiary before boarding the plane.

The motion to dismiss is denied.

2. It may be noted that, even under the defendant's narrow construction of the policy, the insured would have been covered had he at the beginning of his trip exchanged his ticket for one covering a trip around the world (provided it could have been made within the time limit of the policy). The premium would have been exactly the same. Obviously, the time spent in the air did not, in the view of the defendant, materially affect the risk.