Edgar J. Nathan, Jr., J.
This is a motion for summary judgment in an action on a flight insurance policy. The facts are not disputed. The insured on departure from Dallas purchased an insurance policy from defendant to cover him on his flight to Chicago and return flight. While in Chicago, the insured apparently had a change in plans and surrendered the return portion of his ticket, purchasing instead a ticket to Houston. In the space marked “ Complete Routing ” on the credit card receipt issued by the airline company, the notations chi-fwt-hou appears, presumably indicating that the route to Houston would be by way of Fort Worth. The ticket issued, however, states the route to be from ‘ ‘ midway Chicago ” to “ fort worth dallas ” to “ HOUSTON ”. There appears to be no question that on the day in question there was no direct flight from Chicago to Houston. The insured flew from Chicago to Carter Field which is also known as Greater Fort Worth International Airport. From there, presumably by an airline connecting bus, he went to Love Field in Dallas where sometime later he took a flight to Houston. Houston is well over 200 miles south of Dallas. Two days later he purchased a ticket from Houston to Dallas and on this flight the plane crashed and the insured was *861 killed. It is defendant’s contention that the insured’s arrival back at Dallas before departing for Houston terminated the policy, and any further travel plans he may have had were immaterial.
The term of the policy is stated in the document as follows: £ £ This policy takes effect on the inception date and hour stated in the schedule and terminates upon completion of the one way flight or return flight described in the schedule or twelve months after said inception date and hour, whichever occurs first
Neither side has presented any authority on the construction of such policies, and the court’s own research has failed to uncover any.
The cases of Fidelity & Cas. Co. of N. Y. v. Smith (189 F. 2d 315), and Rosen v. Fidelity & Cas. Co. of N. Y. (162 F. Supp. 211), relied on by plaintiff, are of no assistance, for the reason that not only did the policies in those cases have substitute and side trip coverage provisions, but in neither case was there a question of returning to the original point of departure or a deviation beyond such point such as appears here. Applying what appears to be the plain meaning of the insurance policy, the court is constrained to conclude that the insured’s trip terminated upon his return to Dallas and there was no coverage on this policy for the flight to Houston and return. Plaintiff relies heavily on the insured’s intent upon making changes in his trip. Whatever that intent may have been, however, it certainly cannot affect an insurance policy previously made which in plain language set forth the limits of its coverage. The questions as to whether there would have been coverage if the insured were on a through flight from Chicago to Houston, or if the Houston flight had left from Carter Field which is midway between Fort Worth and Dallas need not be here decided, since the insured did in fact return to Dallas, his original point of departure. This act was neither inadvertent nor involuntary. Accordingly, the motion for summary judgment is denied and the cross motion granted.