(December 5, 1961)

Rose Tannenbaum, Appellant, v. Continental Casualty Company, Respondent.

Steuer, J. (dissenting). The policy in question provides for coverage " during the first one way or return flight described in the Schedule occurring on or after the inception date and hour shown in the Schedule * * * and terminates upon completion of the one way or return flight described in the Schedule or twelve months after said inception date and hour, whichever occurs first ".

The attached Schedule referred to reads:

" Date and hour of inception — Sep 24 10:56 AM '59

" Point of departure — Dallas, Texas

" Zone of Flight (left blank)

" Flight destination Chicago Ill And return flight ".

It will be observed that the Schedule refers to no particular flight as regards the return and that any flight taking place within one year from the date of inception would be within the orbit of coverage. Nor is there any restriction on the course of the return flight, there being no requirement that it be continuous or by the most direct route. Concededly the insured could proceed by any route he chose, stop over where he chose and for as long as he chose, provided always that the periods did not in total exceed a year.

Air travel policies, like all others, must be read as the average man would read them (Lachs v. Fidelity & Cas. Co. of N. Y., 306 N. Y. 357). The coverage provided for the return flight would therefore include what the ordinary traveler understood as a return flight with his choice of routes, times and stopovers. A departure from the most direct route does not void the coverage and in fact the only departure that would be without the policy would be one that such a traveler would deem to be not a return but a distinct and separate trip. Doubtless the factors that would influence such a determination would include the distance travelled out of the direct path, the extra time devoted to this departure, and the like.

Here the insured purchased for his return a ticket to Houston, a point some 200 miles distant from Dallas. His object was to stop over a short period there and then to go home. If his death had occurred on a direct nonstop flight from

449

Chicago to Houston, there could be little question but that the deviation from the direct course would constitute a stopover rather than a new, and uninsured flight. While a deviation of 200 miles might be a serious matter as regards land travel, the so-called direct routes of the air carriers demonstrate that in air travel such a deviation is insignificant.

So the question resolves down to this: Does the fact that the flight from Chicago to Houston was routed through Dallas mean that his return to Dallas was accomplished at that point regardless of the fact that this was merely a change point in the flight he had undertaken? Concededly, the facts show that one wanting to go to Houston on the date in question would have to go through Forth Worth and Dallas, and change planes at the latter airport. There can be little doubt that if the flight from Chicago had flown over Dallas without landing there coverage would not have been affected (see *Rosen* v. *Fidelity & Cas. Co. of N. Y.*, 162 F. Supp. 211, 213). Doubtless too, if the plane had been forced down at Dallas on its way to Houston, the return flight would not, *ipso facto*, have been accomplished. It is difficult to see how the extraneous factor of a stop for changing planes at that point can have an opposite and conclusive effect.

In every case where there is a deviation from the direct route it becomes a question of fact whether the deviation is so great as to constitute in common parlance a side trip or a separate journey. Sometimes where the deviation is very great or where it is very small the court may decide as a matter of law that reasonable minds could not differ on the point. I believe this to be such a case and that judgment should have been rendered for the plaintiff. At the very least a question is presented for the triers of the facts.

The order granting defendant's cross motion for summary judgment should be reversed and the plaintiff's motion should be granted for the relief demanded in the complaint.

Breitel, J. P., Valente, McNally and Bastow, JJ., concur in decision; Steuer, J., dissents in opinion.

Order entered on April 20, 1961, granting summary judgment dismissing the complaint, and judgment entered thereon on April 28, 1961, affirmed, with costs to the respondent, on the opinion of Mr. Justice EDGAR J. NATHAN at Special Term. [28 Misc 2d 860.]